[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO SUPPRESS IDENTIFICATIONS DATED SEPTEMBER 30, 1993
Andrew Owens filed this motion to suppress identifications. He seeks to suppress the pretrial photographic identifications by several witnesses. His claim is that the photographic array used by the Waterbury Police Department and the manner in which the police officers exhibited the group of eight photographs constituting this array were unnecessarily suggestive. Thus, he argues that the identifications were tainted and his constitutionally protected rights to due process under the federal and state constitutions were violated. — The motion is denied.
An evidentiary hearing was convened on this motion December 14, 1993 and during that proceeding a Waterbury Police detective and five identification witnesses testified. The photo array itself was introduced as state's exhibit A.
Owens claims that one of the photos is not a "look-a-like" because the subject depicted in it has longer hair and that two other photographs depict men of different stature from him. Thus, he argues that the array of eight (8) photographs is unnecessarily suggestive.
We reviewed this series of photographs and think that each of the photos is a reasonable "look-a-like" and that the photographic exhibit is not unnecessarily suggestive in any constitutional sense.
Each of the identification witnesses testified that they viewed the array alone in a room at the police station with an officer present and were not lead by any officer to a particular photograph. Additionally, each witness testified that the witness saw Andrew Owens confront the victim, the late Ragar J. Overstreet, at 10 Bronson Street in Waterbury; argue with him for several minutes; and then observed Owens pull out a gun and shoot Overstreet. Each witness also indicated that the witness observed Owens depart the scene of this alleged murder.
We conclude on this evidentiary record that Owens failed to prove in the first instance that anyone of the photo identifications by these witnesses resulted in an unconstitutional procedure. Parenthetically, we note that each witness had a considerable amount of time to observe the events associated with the alleged murder of Overstreet; was personally focused on the argument between Owens and Overstreet prior to CT Page 11070 the shooting; exhibited to us during the suppression hearing a vivid personal memory of what Owens and Overstreet said to each other, and, of course, within hours of the death of Overstreet, each witness made the photographic identification in question here. Thus, even if there were unnecessary suggestive procedures used by the police in exhibiting this photo array, we conclude on this record that Owens failed to prove that the pretrial procedures he challenges gave rise "to a very substantial likelihood of irreparable misidentification." State v. Milner, 206 Conn. 512, 534-35 (1988); State v. Tatum,219 Conn. 721, 727-32 (1991); State v. Fields, 31 Conn. App. 312,319-323 (1993); State v. Rose, 29 Conn. App. 421, 424-28 (1992).
The motion is denied.
WILLIAM PATRICK MURRAY, J.